**TAYLOR, SR., Plaintiff-Appellee, v. STANDARD OIL COMPANY OF OHIO, Defendant-Appellant, FRY, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2283.   Decided December 3, 1954.

Mason Douglass, Dayton, and Edward Machle, Dayton, for plaintiff-appellee.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, Cleveland, By Mr. Douglas Wick, Of Counsel, Landis, Ferguson, Bieser & Greer, Dayton, By Rowan A. Greer, Jr., Of Counsel, for defendant-appellant.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the plaintiff and against the defendant-appellant, The Standard Oil Company.  A verdict was also returned against the defendant, Warren C. Fry, but upon motion for a judgment non obstante veredicto the same was sustained and a judgment was rendered in favor of this defendant.

The record reveals that the action was one for damages for personal injuries suffered by the plaintiff-appellee as the result of the explosion of a compressed air storage tank located in a certain filling station owned by the appellant.  The petition alleges that The Standard Oil Company owned and maintained the air compressing machine and that the same was leased to the defendant, Fry, along with the building and other equipment and used and operated by said Fry in selling Standard Oil Company products.  The lease contained the following pertinent clause:

"The lessee hereby covenants and agrees as follows:

    *         *         *         *         *

2. That lessee will keep said premises, building and equipment (except such items of equipment as the lessor may elect to keep in repair), together with the adjoining sidewalks and entrance driveways in good order and repair."

The defendants were charged with negligence in the following particulars:

1. (Not material to the evidence presented.)

2. In maintaining and operating the air compressor and compressed air storage tank with a safety cut-off switch which was broken, worn out, and not operating at the time of the explosion.

3. (Not material to the evidence presented.)

5. (Not material to the evidence presented.)

All acts of negligence were denied by each of the defendants. In response to certain interrogatories propounded by the defendants the jury gave the following answers:

1. "Q. Was the defendant, The Standard Oil Company, negligent?

"A. Yes.

2. "Q. In what respect or respects was The Standard Oil Company negligent?

"A. In the opinion of the concurring jurors it was determined that The Standard Oil Company did by their actions, elect to maintain the air compressor in the filling station leased by Warren C. Fry. The condition of the brushes indicates lack of proper maintenance.

3. "Q. Was there any defect or dangerous condition before the accident?

"A. Yes.

4. "Q. What defect or dangerous condition was there before the accident?

"A. Evidence of pitting of contacts and fusion of the sheafs of one brush. Evidence of the cover to which contact points were secured, was not securely bolted in place.

5. "Q. Did defendant, The Standard Oil Company, have knowledge before the explosion of the defect or dangerous condition?

"A. Yes."

This appellant urges that the answers to the interrogatories are irreconcilable with the general verdict in favor of the plaintiff when considered in the light of the charge given to the jury. We are referred to the following special charges given before argument and without objection from the counsel for the plaintiff:

"3. I charge you that the fact that The Standard Oil Company made repairs to the air compressor when requested to do so by Warren Fry imposed no duty upon that company to inspect or otherwise maintain the air compressor. Therefore, if you find that the plaintiff has failed to prove by a preponderance of the evidence that the explosion and resulting injuries were directly caused by negligence of the defendant, Standard Oil Company, through its employees in making those repairs, your verdict must be for that defendant, Standard Oil Company "

"5. I charge you, Members of the Jury, that even though Standard Oil Company was the owner of the filling station operated by Warren Fry and the air compressor in it, nevertheless that company cannot be held responsible for any damages resulting from the explosion of the

air compressor tank unless you find that the plaintiff, Mr. Taylor, has proven by a preponderance of the evidence that the explosion was the direct and proximate result of negligence on the part of Standard Oil Company in accordance with the allegations of the amended petition."

"6. If you find that The Standard Oil Company had leased the filling station and air compressor to Warren Fry with the provision that Fry should maintain the premises and equipment in good condition, then I say to you that that company had no duty to inspect and maintain the air compressor unit in good condition, even though it may have made some repairs on it at the request of Mr. Fry. Therefore, unless you find by a preponderance of the evidence that the explosion and resulting injuries to the plaintiff were directly caused by negligence of that company in the repair work done by its employees, your verdict must be for the defendant, Standard Oil Company."

Also, in the general charge the court stated that The Standard Oil Company owed the plaintiff no duty to keep the premises in safe condition, and that The Standard Oil Company would be liable only for a failure to exercise reasonable and ordinary care in making repairs to the compressor. In considering the appellant's motions for (1) judgment on the special findings of the jury, (2) judgment notwithstanding the verdict, and (3) new trial, the court admitted that it did not properly state the law in its charge to the jury. The court stated:

"During the course of the trial we proceeded upon the theory that the Standard Oil Company was not in possession and control of the leased real property, and that it would be liable only to third persons for negligence in making repairs. With this theory so strongly in our minds, and the law applicable thereto, we apparently overlooked a conceivable and probable factual situation where a landlord out of possession of real property could at the same time be in control of personal property on the leased premises for certain purposes."

"The lease between the defendant, Standard Oil Company of Ohio, and the defendant, Warren C. Fry, provided among other things, that the lessee Fry was to keep the premises, buildings and equipment in good order and repair, except such items of equipment as the lessor may elect to keep in repair.

The undisputed testimony supports the fact that the Standard Oil Company of Ohio did elect to keep the air compressor unit in repair and, therefore, it retained control over the unit for this purpose. The Court should have so instructed the jury." Citing **Schickling v. Post Publishing Company, 115 Oh St 589.**

It should be noted that the jury also found that the Standard Oil Company "elected to maintain the air compressor" and grounded its verdict upon the appellant's failure to perform this duty. This finding is not inconsistent with the terms of the lease giving the appellant the right of election "to keep in repair", the terms "maintain" and "keep in repair" being synonymous. In **Beal v. Erie Rd. Co., 51 Oh Ap 397,** at page **401,** the court says:

"The word 'maintain' in this connection seems to us to mean to keep

in repair, to keep in substantially the same condition in which it was constructed under the authority and approval of the Highway Commissioner."

See, also, 54 C. J. S., 899, and cases cited.

The appellant urges that in order for the jury to return a verdict in favor of the plaintiff it was necessary for it to base an inference upon an inference, which may not be done, citing **Sobolovitz v. The Lubric Oil Co., 107 Oh St 204,** and **Halkias v. Wilkoff Co., 141 Oh St 139.** This argument could well be sustained were it necessary for the jury to find the appellant was negligent in making repairs to the compressor tank, but this is not what the jury found. It found the appellant had elected to keep the same in repair and was negligent in so doing in that it permitted the same to get in a dangerous condition. This fact was inferred from the condition of the electric switch which automatically started and stopped the motor on the compressor. The evidence as to its defective condition was quite substantial and since the appellant offered no evidence in defense of the action it may not be said that the finding of the jury is not supported by the evidence. In overruling the various motions for a judgment the court cited the law as pronounced in 6 Am. Jur. 415, and which we think is a proper statement of the law applicable herein:

"A bailor is generally held not liable for injuries resulting to a third person from a defective condition of the subject of the bailment arising subsequent to the delivery thereof to the bailee, unless he has assumed the responsibility of keeping it in repair, in which case he may incur liability by a failure to use proper care to remedy or give warning of such defective condition after having received or become chargeable with notice thereof."

See also Hudson v. Moonier, 102 Fed. (2d), 96; 131 A. L. R. 845.

We think the evidence clearly establishes that the compressor tank involved herein was personal property and not a part of the realty, but even if it were the latter, the lessor would still be liable under the facts presented.

In **Brown v. Cleveland Baseball Co., 158 Oh St 1,** the court said in the fourth paragraph of the syllabus:

"Where a lessor has not substantially relinquished to his lessee all occupation of and control over a portion of the leased premises and where such lessor has actually exercised his right of occupation of or control over such portion, such lessor is under the duty to exercise ordinary care with respect to the condition of such portion and that duty extends to invitees of the lessee."

We think the answers to the interrogatories clearly specify the acts of negligence chargeable to this appellant and the judgment of the court was properly entered upon the verdict.

Finding no error in the record the judgment will be affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.